

**FILED**

Jul 29 2016, 9:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jamel Owens, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 29, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1601-CR-41 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christina Klineman, Judge <br><br> Trial Court Cause No. <br> 49G17-1509-F6-32725 |

**Pyle, Judge.**

# Statement of the Case

Jamel Owens ("Owens") appeals, following a bench trial, his convictions for Level 6 felony criminal recklessness[1] and Level 6 felony battery in the presence of a child.[2] Owens argues, and the State concedes, that these convictions violate the Indiana Constitutional prohibition against double jeopardy. The parties, however, disagree on which of the two convictions should be vacated. Here, the trial court sentenced Owens to the same sentence on each conviction, but it also entered a domestic violence determination based on his battery conviction. Because the Level 6 felony criminal recklessness has the less severe penal consequences, we reverse and remand to the trial court to vacate Owens's Level 6 felony criminal recklessness conviction.

We reverse and remand.

# Issue

Whether Owens's convictions violate the Indiana Constitutional prohibition against double jeopardy.

# Facts

In September 2015, Owens was married to and lived with Candace Owens ("Candace"). Twelve-year-old, J.D., of whom Candace had legal custody, also

---

[1] IND. CODE § 35-42-2-2.

[2] I.C. § 35-42-2-1. Owens was also convicted of Level 6 felony intimidation but does not challenge this conviction.

lived with them. On September 3, 2015, upon Candace's return home from work, Owens got angry with Candace and questioned her about why it took her so long to get home. The two argued, and then Candace left the house and drove away. Owens phoned her, asked her where she was going, accused her of driving too fast, and told her to return home. Candace went back home, and Owens asked her why she was driving so fast and stated that she "could have put [her] life in danger." (Tr. 11). The two again argued, and J.D. was in the house near where they were arguing. Owens then walked out to the garage, returned with a bottle of lighter fluid, and "sprayed it [on Candace] from the waist down." (Tr. 14). Owens "then pulled out a lighter and said, 'Since you don't care about your life, . . . then why should I?'" (Tr. 16). As he held up the lighter, Candace asked, "'So you're really going to light me on fire? You're really going to do this?'" (Tr. 16). Owens "stood there for a minute" and then walked back to the garage. (Tr. 16). When he returned to the house, Owens told Candace that he was not going to "light [her] on fire" and that he "really wanted to scare" her. (Tr. 16). Candace reported Owens's actions to police one week later.

[4]     The State charged Owens with Count 1, Level 6 felony criminal recklessness; Count 2, Level 6 felony intimidation; Count 3, Level 6 felony battery; and Count 4, Class B misdemeanor battery. The trial court held a bench trial on December 16, 2015. Candace and J.D. testified regarding Owens's actions, including his act of throwing lighter fluid on Candace, on September 3. Owens testified on his own behalf and denied that he had thrown lighter fluid on or

had threatened Candace. During closing arguments, the State argued that the evidence that Owens poured lighter fluid on Candace supported his convictions for Level 6 felony criminal recklessness and Level 6 felony battery. The trial court found Owens guilty as charged.[3]

[5] The trial court held the sentencing hearing immediately after the bench trial. During the hearing, Candace testified that this was the fourth or fifth incident of domestic violence with Owens. She also testified that she had a no-contact order against Owens and that he had violated it during the pendency of this case when he contacted her and told her that he would not contest their divorce if she dropped this case against him. The trial court merged the Class B misdemeanor battery conviction into the Level 6 felony battery conviction and sentenced Owen on the remaining three convictions. For all three of Owens's Level 6 felony convictions, the trial court imposed two (2) year suspended sentences to be served on probation and ordered that these sentences be served concurrently. The trial court also ordered Owens to have no contact with Candace or J.D., and it ordered him to participate in domestic violence counseling. Additionally, the trial court entered a domestic violence determination pursuant to INDIANA CODE § 35-38-1-7.7 and informed Owens

---

[3] The trial court initially stated that it was entering a judgment of conviction on all counts. However, the sentencing order and chronological case summary indicate only that the Class B misdemeanor battery conviction was merged with the Level 6 felony battery conviction, and they do not indicate that a judgment of conviction was otherwise entered on Class B misdemeanor battery.

that he was, therefore, prohibited him from possessing a firearm and ammunition. Owens now appeals.

# Decision

[6] Owens argues, and the State concedes, that his convictions for Level 6 felony criminal recklessness and Level 6 felony battery in the presence of a child violate the Indiana Constitutional prohibition against double jeopardy, either under the actual evidence test or the common law prohibition against multiple convictions for the very same act. The parties, however, disagree on how to remedy the double jeopardy violation. Owens requests that we vacate his Level 6 felony battery in the presence of a child conviction, and the State requests that we vacate Owens's Level 6 felony criminal recklessness conviction.[4]

[7] Our Indiana Supreme Court has explained:

> When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated. In the interest of efficient judicial administration, the trial court need not undertake a full sentencing reevaluation, but rather the reviewing court will make

---

[4] Owens argues that we should instruct the trial court to vacate his Level 6 felony battery in the presence of a child conviction because it is the later listed charge in his charging information. The State, on the other hand, argues that we should instruct the trial court to vacate the Level 6 felony criminal recklessness conviction because the legislature has passed "special protection for battery victims" by allowing the State to charge a person with an enhanced level of battery based on a prior conviction. (State's Br. 7).

this determination itself, being mindful of the penal consequences that the trial court found appropriate.

*Richardson v. State*, 717 N.E.2d 32, 54 (Ind. 1999) (citation omitted). The *Richardson* Court explained that when both convictions cannot stand, an appellate court should "vacate the conviction with the less severe penal consequences[.]" *Id.*

[8]  Here, Owens's two convictions at issue are both Level 6 felonies, and the trial court entered the same two (2) year suspended sentence for each. The parties do not dispute that reducing the convictions to a less serious form will not cure the double jeopardy violation. The parties, however, do not discuss the fact that the trial court entered a domestic violence determination pursuant to INDIANA CODE § 35-38-1-7.7.

[9]  INDIANA CODE § 35-38-1-7.7 requires a trial court to determine, at sentencing, whether a person has committed a crime of domestic violence. INDIANA CODE § 35-31.5-2-78 defines a crime of domestic violence as follows:

> "Crime of domestic violence" . . . means an offense or the attempt to commit an offense that:
>
> (1) has as an element the:
>
> > (A) use of physical force; or
> >
> > (B) threatened use of a deadly weapon; and
>
> (2) is committed against a:
>
> > (A) current or former spouse, parent, or guardian of the defendant;

> (B) person with whom the defendant shared a child in
> common;
>
> (C) person who was cohabiting with or had cohabited with
> the defendant as a spouse, parent, or guardian; or
>
> (D) person who was or had been similarly situated to a
> spouse, parent, or guardian of the defendant.

[10] At sentencing, the trial court entered a domestic violence determination, which was apparently based on Owens's battery conviction, and informed Owens that he was, therefore, prohibited from possessing a firearm and ammunition. Thus, Owens's Level 6 felony battery conviction has a more severe penal consequence than his Level 6 felony criminal recklessness conviction.[5] Based on the undisputed double jeopardy violation and "being mindful of the penal consequences that the trial court found appropriate" in this case, we, therefore, reverse Owens's conviction for Level 6 felony criminal recklessness conviction and remand to the trial court to vacate this conviction. *See Richardson*, 717 N.E.2d at 54 (explaining that when determining which conviction must be vacated upon a double jeopardy violation, our Court should be "mindful of the penal consequences that the trial court found appropriate" and should vacate the conviction with the less severe penal consequence).

---

[5] We recognize that our Indiana Supreme Court has determined that the domestic violence determination statute, INDIANA CODE § 35-38-1-7.7, is "nonpunitive" for the purposes of a Sixth Amendment right to jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004), *reh'g denied*. *See Hitch v. State*, 51 N.E.3d 216, 225 (Ind. 2016).

Reversed and remanded with instructions.

Bradford, J., and Altice, J., concur.